GAMBLE et al., Appellants,

v.

PATTERSON, Appellee.

[Cite as *Gamble v. Patterson*, 155 Ohio App.3d 320, 2003-Ohio-6276.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 03 CO 17.

Decided Nov. 17, 2003.

Warren Bo Pritchard, for appellants.

Harrington, Hoppe & Mitchell, Ltd., Harry R. Conn and Gina DeGenova Bricker, for appellee.

WAITE, Presiding Judge.

{¶ 1} Plaintiffs-appellants Janet and Kenneth Gamble filed three complaints against defendant-appellee Deborah A. Patterson over a four-year period, all arising out of an automobile accident that occurred on October 8, 1996. Appellants voluntarily dismissed the first complaint. The second complaint was dismissed by the court because appellee was never served. Appellants refiled the complaint a third time on June 21, 2002. The trial court granted summary judgment to appellee and dismissed the third complaint because appellants had attempted to use the "saving statute," R.C. 2305.19, twice. The saving statute allows a party to refile a complaint within one year after a case is dismissed if the applicable statute of limitations expires while the case was pending. The trial court correctly held that the saving statute can be used only once and that the statute of limitations for a personal injury action had expired. Based on the record before us, we affirm the judgment of the trial court.

{¶ 2} The parties were involved in an automobile accident that occurred on October 8, 1996. Appellants filed a lawsuit arising out of this incident on October 1, 1998, in the Columbiana County Court of Common Pleas. The complaint was served on appellee at her Ohio address on October 8, 1998. Appellants concede this point in their appellate brief. The first complaint was voluntarily dismissed on April 10, 2000.

{¶ 3} The statute of limitations for this case, found in R.C. 2305.10, expired on October 8, 1998. This is the same day that appellee received the first complaint at her Ohio address.

{¶ 4} The second complaint was filed on April 6, 2001. The second complaint was dismissed on January 8, 2002, because appellants had failed to serve the complaint on appellee. There is no indication that appellants filed any post-judgment motions to challenge the dismissal, and they did not file a direct appeal.

{¶ 5} The third complaint was filed with the Columbiana County Court of Common Pleas on June 21, 2002, and forms the basis of this appeal. The trial court dismissed the complaint on February 25, 2003. The trial court concluded that the saving statute could not be used a second time to refile a complaint that had been previously dismissed. The saving statute, R.C. 2305.19, states: "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

{¶ 6} The court found that the statute of limitations for a personal injury claim had expired. The court noted that there was no case law supporting appellants' belief that the one-year deadline found in the saving statute is tolled if the defendant is absent from the state of Ohio. The trial court dismissed the complaint on February 25, 2003. This was a little over eight months after the third complaint was filed.

{¶ 7} On March 21, 2003, appellants filed this timely appeal.

{¶ 8} Appellants present two assignments of error on appeal:

{¶ 9} "The trial court erred in granting summary judgment when the plaintiffs were unable to serve the re-filed complaint due to the absence of the defendant from the state of Ohio during and subsequent to plaintiffs [sic] right to re-file under the savings clause of Rule 41 of the Ohio Rules of Civil Procedure."

{¶ 10} "The trial court erred in dismissing the action prior to allowing a full one year to perfect service, particularly when defendant was shown to be absent [from] the state of Ohio during that period."

{¶ 11} This appeal involves a challenge to summary judgment. An appellate court reviews summary judgment under a de novo standard, using the same standards as the trial court as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 12} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of

the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293, 662 N.E.2d 264.

{¶ 13} Appellants' argument is based more on a sense of injustice than on any statutes, court rules, or case law. They refer to the "savings clause" of Civ.R. 41, but there is no savings clause in that rule. Presumably, appellants intend to cite the saving statute, R.C. 2305.19. Appellants contend that appellee removed herself from the state of Ohio by the time the second and third complaints were filed. Appellants believe that this unsupported assertion, in and of itself, should have prevented the trial court from granting summary judgment to appellee.

{¶ 14} Appellants also make a passing reference to Civ.R. 4(E), which states:

{¶ 15} "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This division shall not apply to out-of-state service pursuant to Rule 4.3 or to service in a foreign country pursuant to Rule 4.5."

{¶ 16} Appellants contend that Civ.R. 4(E) provided them with a full year to serve their complaint on appellee. The rule actually gives a party six months to serve the complaint. After six months, the trial court may dismiss the complaint. This six-month rule, though, does not apply to out-of-state defendants, who are governed by Civ.R. 4.3. Appellants contend that appellee was not living in Ohio during the time that the second and third complaints were pending. Appellants are apparently arguing that the second complaint should not have been dismissed under Civ.R. 4(E), but it is not clear why they think the trial court should have given them a full year before dismissing the third complaint.

{¶ 17} Appellants are probably relying on Civ.R. 3(A), which states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" A trial court must give the plaintiff one full year to serve the complaint on the defendant, unless the complaint must be dismissed earlier under Civ.R. 4(E) or for reasons unrelated to the service of the complaint. See *Goolsby v. Anderson Concrete Co.* (1991), 61 Ohio St.3d 549, 551, 575 N.E.2d 801. If appellants had filed a direct appeal of the dismissal of their second complaint, they might have had a plausible argument that it was dismissed too early under Civ.R. 3(A) and 4(E), but they did not file an appeal of that earlier dismissal.

{¶ 18} Appellants make an unsupported argument that a trial court must wait at least one year before dismissing a complaint filed under the authority of the saving statute if the defendant has left the state of Ohio. Appellants fail to consider that a complaint may be dismissed at any time for reasons other than the failure to properly serve the complaint on the defendant. The reason for the dismissal of the third complaint in this case was the expiration of the statute of limitations and not for failure to serve the complaint on the defendant.

{¶ 19} Appellee argues that the saving statute in R.C. 2305.19 may be used only once to refile a complaint that has been dismissed if the dismissal is otherwise than on the merits. This is the same argument used by the trial court, and it is correct. See *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997; *Gruber v. Kopf Bldrs., Inc.,* 147 Ohio App.3d 305, 2001-Ohio-4361, 770 N.E.2d 598, ¶ 13. If the refiled complaint is erroneously dismissed by the trial court, the plaintiff must successfully challenge that dismissal either through an appropriate post-trial motion (such as a motion to vacate) or through a direct appeal. *Thomas,* 79 Ohio St.3d at 227, 680 N.E.2d 997.

{¶ 20} There is no question in this case that appellants served their first complaint on appellee in Ohio on October 8, 1998. (Appellants' Brief at 1.) October 8, 1998, is the day that the statute of limitations expired. Appellants' only argument against applying the statute of limitations is that appellee removed herself from Ohio, but that argument is inconsistent with appellants' admission that appellee had an Ohio address on the day the statute of limitations expired.

{¶ 21} Appellants voluntarily dismissed the first complaint on April 10, 2000. They necessarily relied on the saving statute to refile the case on April 6, 2001, because the statute of limitations had already expired. After the second complaint was dismissed, appellants could not use the saving statute to refile it a third time. Appellants' argument in this third attempt, in which they try to establish a one-year service period under the saving statute, cannot be addressed in this appeal because the saving statute does not apply to the third complaint at all.

{¶ 22} If appellants could not rely on the saving statute to file the third complaint, then the only question remaining is whether summary judgment was appropriate due to the expiration of the statute of limitations. Appellants argue that R.C. 2305.15 tolls the statute of limitations "if the [defendant] is out of the state, has absconded, or conceals self[.]" Appellants have conceded that appellee received the first complaint at her Ohio address on October 8, 1998, which is the day the statute of limitations expired. Although appellee apparently lives in Maryland now, she remained in Ohio at least until the full limitations period had expired. Appellants have not presented any other reason for tolling the statute

of limitations and, therefore, appellants' argument has no merit. The trial court was correct in granting summary judgment to appellee. We hereby overrule appellants' two assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

GENE DONOFRIO and VUKOVICH, JJ., concur.