[Cite as *Vaught v. Pollack*, 2016-Ohio-4963.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103819

---

## ALBERTA CAROLINE VAUGHT, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

## MICHAEL POLLACK, M.D., ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848306

**BEFORE:** Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEYS FOR APPELLANTS**

**For Alberta Vaught**

Jeffrey R. Wahl
Jeffrey R. Wahl Co., L.P.A.
30799 Pinetree Rd., #241
Cleveland, Ohio 44124

**For Lawrence Vaught**

Eric H. Zagrans
Zagrans Law Firm, L.L.C.
6100 Oak Tree Boulevard
Suite 200
Cleveland, Ohio 44131


**ATTORNEYS FOR APPELLEES**

Thomas B. Kilbane
Martin T. Galvin
Reminger & Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Ave. West
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

**{¶1}** Alberta Caroline Vaught ("Vaught") and her husband (collectively "Plaintiffs") appeal from the trial court's granting summary judgment to Dr. Michael Pollack ("Dr. Pollack") and Consultants in Gastroenterology, Inc., (collectively "Defendants") in this medical malpractice case. Plaintiffs assign the following error for our review:

> I. The trial court committed reversible error as a matter of law by granting summary judgment in favor of Dr. Pollack on the basis of the statute of limitations and the statute of repose.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On February 2, 2009, Dr. Pollack performed a medical procedure called an endoscopic retrograde cholangiopancreatography ("ERCP") on Vaught. Complications allegedly arose, and Plaintiffs filed a medical malpractice case against Defendants on August 17, 2010. On November 19, 2013, the trial court dismissed the case without prejudice under Civ.R. 41(B) for failure to prosecute. According to Plaintiffs' counsel, a trial court employee indicated via email that this dismissal was in error, and the court would "reinstate the case as soon as possible."

**{¶4}** As of April 3, 2014, the case had not been reinstated, and Plaintiffs filed a second complaint against Defendants. The parties agree that this refiled complaint was timely under R.C. 2305.19, which is commonly known as the "savings statute." On July 16, 2014, the court dismissed the case "for failure to appear at a pretrial conference,"

pursuant to Loc.R. 21 Part III(H)(1) of the Court of Common Pleas of Cuyahoga County, General Division, which authorizes the trial court to "dismiss an action without prejudice for want of prosecution * * *."

{¶5} On July 15, 2015, Plaintiffs filed a third complaint against Defendants. On October 29, 2015, the trial court granted Defendants' summary judgment motion, finding the following in pertinent part:

Ohio case law prohibits use of the savings statute a second time and therefore, * * * the complaint in the present action was filed outside the statute of limitations * * *. [Plaintiffs' attempt] to show the court incorrectly dismissed [the] complaint * * * in 2013. The legal analysis under the statute of limitations does not include whether a case was or was not properly dismissed. [Plaintiffs'] required course in the face of incorrect court action dismissing the first complaint * * * in 2013 was to file a Civ.R. 60(B) motion in the trial court or appeal the judgment to reverse the dismissal. * * * Under the Ohio Rules of Civil Procedure, court action is prompted by motions not by phone calls or emails. Had the evidence [Plaintiffs bring] forth now in order to defeat * * * summary judgment * * * been properly presented to the court by motion in a timely fashion * * *, perhaps the trial court would have vacated the dismissal under Civ.R. 60(B). * * * The same analysis applies to [Plaintiffs'] argument that the court incorrectly dismissed the second complaint in July 2014. * * * Based

on the undisputed evidence the trier of fact can come to but one conclusion and that conclusion is that [Plaintiffs'] third complaint in this action was filed after the expiration of the statute of limitations [and] outside the statute of [repose] under R.C. 2305.113.

**{¶6}** It is from this order that Plaintiffs appeal.

## Summary Judgment

**{¶7}** Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## Time Limitations in Medical Malpractice Claims

**{¶8}** Pursuant to R.C. 2305.113(A), "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." This is a statute of limitations, which creates "a time limit for suing in a civil case, based on the date when the claim accrued." *Black's Law Dictionary* 1546 (9th Ed.2009). Accrual dates are subject to various conditions; thus, statutes of limitations may be tolled for various reasons. *See, e.g., Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268 (in certain cases, the statute of limitations does not begin to run until the plaintiff discovers, or should have discovered, the cause of action).

Statutes of limitations "are intended to put defendant on notice of adverse claims and to prevent plaintiffs from sleeping on their rights * * *." *Crown v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

{¶9} Pursuant to R.C. 2305.113(C)(1), "[n]o action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." This is a statute of repose, which "bar[s] any suit that is brought after a specified time since the defendant acted * * *, even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1546 (9th Ed.2009). "Unlike a true statute of limitations, which limits the time in which a plaintiff may bring suit *after* the cause of action accrues, a statute of repose * * * potentially bars a plaintiff's suit *before* the cause of action arises." (Emphasis sic. Overruled on other grounds.) *Sedar v. Knowlton Constr. Co.*, 49 Ohio St.3d 193, 195, 551 N.E.2d 938 (1990).

{¶10} Statutes of repose were first enacted by the legislature in the late 1950s and early 1960s in response to "architects and builders [who] were increasingly subjected to suits brought by third parties long after work on a building had been completed." *Groch v. GMC*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 337, ¶ 112. Over time, the legislature enacted statutes of repose in other areas of the law. In 1987, the Ohio Supreme Court found that the statute of repose that applied to medical malpractice claims at the time, former R.C. 2305.11(B), was unconstitutional. *Hardy v. Ver Meulen*, 32 Ohio St.3d 45, 512 N.E.2d 626 (1987). "[A] statute such as R.C. 2305.11(B)

unconstitutionally locks the courtroom door before the injured party has had an opportunity to open it." *Id*. at 47.

**{¶11}** The legislature enacted another statute of repose that applied to medical malpractice claims, and in 2012, the Ohio Supreme Court overruled *Hardy* and found that R.C. 2305.113(C), which is the current medical malpractice statute of repose, does not violate the constitution.[1] *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983, N.E.2d 291.

**{¶12}** This court has held that "[i]n certain instances, Ohio's savings statute, R.C. 2305.19, operates to 'save' timely filed actions by permitting a party to refile its complaint or file a new action * * *" within one year of a failure otherwise than on the merits. *Allegretti v. York*, 8th Dist. Cuyahoga No. 101231, 2014-Ohio-4480, ¶ 15. When the court dismisses a case under Civ.R. 41(B)(1) for failure to prosecute and indicates that the dismissal is without prejudice, this is a

---

[1]We are cognizant of the Ohio Supreme Court's September 15, 2015 decision accepting for review *Antoon v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 101373, 2015-Ohio-421. In *Antoon*, this court found that when a medical malpractice claim was filed within the statute of repose, then voluntarily dismissed without prejudice, "the claim had vested, and the statute of repose no longer applies. The timeliness of the complaint is now controlled by the statute of limitations and any tolling provisions." *Id.* at ¶ 11. The Ohio Supreme Court has agreed to review the following proposition of law: "Ohio's medical malpractice statute of repose applies whenever the occurrence of the act or omission constituting the alleged medical malpractice takes place more than four years prior to when the lawsuit is filed. This statute of repose applies regardless of whether a cause of action has vested prior to the filing of a lawsuit." *Antoon v. Cleveland Clinic Found., 143 Ohio St.3d 1463, 2015-Ohio-3733, 37 N.E.3d 1249.

dismissal "otherwise than on the merits, [and] the plaintiff may utilize the savings statute to refile within one year, providing all other procedural requirements of the savings statute have been met." *Thomas v. Freeman*, 79 Ohio St.3d 221, 228, 680 N.E.2d 997 (1997).

{¶13} A party can use the savings statute to refile a case one time only. "Indeed, 'R.C. 2305.19 states that the plaintiff has the right to file a new action, not multiple actions.'" (Citations omitted.) *Hamrick v. Ramalia*, 8th Dist. Cuyahoga No. 97385, 2012-Ohio-1953, ¶ 18. *See also Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 24 (summary judgment in favor of defendants was proper when plaintiff filed her complaint for the third time, because "she had already utilized the saving statute once and the applicable statutes of limitations for her claims had already expired.")

**Analysis**

{¶14} In the instant case, Plaintiffs argue that the R.C. 2305.19 savings statute should not have applied to their "second refiling" because of the court's "own mistaken actions and injudicious dismissal rulings * * *." Specifically, Plaintiffs argue that the "trial court should have honored the representations made by [the] staff attorney" via email that the case would be reinstated, and consequently, they were forced to utilize the savings statute to refile the case on April 3, 2014.

{¶15} Plaintiffs further argue that the trial court's dismissal of the second complaint on July 16, 2014 was "unjust and unreasonable," because the "trial court knew

the Savings Statute had already been invoked in April 2014 because [Plaintiffs were] obliged to use up [their] one shot at refiling a case that had been dismissed after the original statute of limitations had expired * * *."

{¶16} Defendants, on the other hand, argue that, regardless of the nature of the dismissal that prompts the refiling, Ohio's savings statute may only be utilized once. Defendants explain that "[t]he logic of permitting a plaintiff to invoke a savings statute only once prevents a plaintiff from refiling her lawsuit repeatedly, which would effectively nullify the statute of limitations."

{¶17} Defendants further argue that, even if the saving statute did apply to the third filing, it would relate "back to the filing date for the preceding action for limitations purposes." *Frysinger v. Leech*, 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987). Plaintiffs filed their second complaint on April 3, 2014. Therefore, if Plaintiffs were to use the savings statute a second time, the third complaint would be "saved" back to April 3, 2014, which is outside the one-year statute of limitations for a medical malpractice claim that allegedly occurred in February 2009.

{¶18} Upon review, we find that the holding in *Gamble v. Patterson*, 155 Ohio App.3d 320, 2003-Ohio-6276, 801 N.E.2d 465 (7th Dist.) applies to the case at hand. In *Gamble*, the trial court granted summary judgment to the defendant after the plaintiff filed her complaint for the third time, finding that the statute of limitations had expired. The plaintiff in *Gamble* argued that the trial court should not have dismissed the second complaint for lack of timely service when the defendant moved out of state. *Id.* at ¶

16-17. Similar to *Gamble*, in the instant case, Plaintiffs' "argument is based more on a sense of injustice rather than on any statutes, court rules or case law." *Id*. at ¶ 13.

**{¶19}** "If the refiled complaint is erroneously dismissed by the trial court, the plaintiff must successfully challenge that dismissal either through an appropriate post-trial motion (such as a motion to vacate) or through a direct appeal." *Gamble* at ¶ 19.

**{¶20}** In the case at hand, Plaintiffs could have appealed the dismissals to the extent they were final appealable orders. "Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order." *Natl.' City Commercial Capital Corp. v. AAAA at Your Serv., Inc.,* 114 Ohio St.3d 82, 2007-Ohio-2942, ¶ 8. However, when a dismissal precludes a party from refiling its case, "[i]n essence, a final judgment has been rendered * * * because the cause has been disposed of and there is nothing left for the determination of the trial court." *Id.*

**{¶21}** The Ohio Supreme Court has stated that "[a]lthough it is not common for us to review cases that have been dismissed other than on the merits, we have done so when — as in this case — justice so requires." *Id.* at ¶ 11. Ohio courts further explain this concept:

> [G]enerally an involuntary dismissal without prejudice is not a final appealable order. * * * Courts hold as such because a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed; the action is treated as though it had never been commenced. * * * However, in some instances refiling is not an option because the statute of limitations has already run and the savings statute, R.C. 2305.19, had been previously invoked. In those instances, even a dismissal without prejudice may be a final appealable order.

*Selmon v. Crestview Nursing & Rehab. Ctr., Inc.,* 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017, ¶ 2 (7th Dist.)

**{¶22}** Additionally, Plaintiffs could have filed a motion for relief from judgment pursuant to Civ.R. 60, which allows the court to grant relief from a final judgment, order, or proceeding. *Hensley v. Henry*, 61 Ohio St.2d 277, 279, 400 N.E.2d 1352 (1980). *See also Andy Estates Dev. Corp. v. Bridal*, 68 Ohio App.3d 455, 457, 588 N.E.2d 978 (10th Dist.1991) (holding that, when a case is dismissed, the court's jurisdiction is terminated except for the limited purpose of a motion to vacate the dismissal within the bounds of Civ.R. 60(B)).

**{¶23}** Accordingly, we hold that the savings statute does not apply to Plaintiffs' third complaint, which was filed on July 15, 2015, well beyond the statute of limitations, as well as the statute of repose, in this case. Therefore, Defendants are entitled to judgment as a matter of law, and the court did not err in granting summary judgment. Plaintiffs' sole assigned error is overruled, and the decision of the trial court is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR