[Cite as *Lakeview Holding, L.L.C. v. Farmer*, 2020-Ohio-3891.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

LAKEVIEW HOLDING (OH), L.L.C.  :
(LAKEVIEW HOLDING, L.L.C.),  :
                            :

      Plaintiff-Appellant,  :
                            :        No. 108900

      v.  :

IRENE R. FARMER, ET AL.,  :
                            :

      Defendants-Appellees.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-899072

***Appearances:***

Lieberman, Dvorin & Dowd, L.L.C., and David M. Dvorin,
*for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Lakeview Holding (OH), L.L.C. (Lakeview Holding, L.L.C.) ("Lakeview") appeals from the trial court's order dismissing its refiled tax certificate foreclosure action for lack of standing. For the reasons that follow, we affirm the trial court.

**Procedural and Factual Background**

{¶ 2}  On August 31, 2010, Lakeview purchased tax certificate no. S2010-2-197 at a negotiated sale, which represented the tax delinquency for 2009 on parcel no. 687-02-106, 3295 East Yorkshire Rd, in Cleveland Heights, Ohio (the "first tax certificate").  Lakeview recorded its lien for the first tax certificate with the Cuyahoga County Recorder on September 1, 2010.  The first tax certificate stated that it would be cancelled six years after the date of delivery, i.e., on August 31, 2016.  On September 7, 2012, Lakeview purchased tax certificate no. S2012-2-11 at a negotiated sale, which represented the tax delinquency for 2010 and 2011 on the same property (the "second tax certificate").  Lakeview recorded its lien for the second tax certificate with the Cuyahoga County Recorder on September 18, 2012.  The second tax certificate stated that it would be cancelled three years after the date of delivery, i.e., on September 7, 2015.  On September 13, 2012, Lakeview filed a notice of intent to foreclose with the Cuyahoga County Treasurer (the "NOI").  The treasurer certified that the certificate parcel had not been redeemed.[1]

{¶ 3}  On September 25, 2012, Lakeview filed a foreclosure action in the Cuyahoga County Court of Common Pleas naming Irene Farmer, her spouse (if any)

---

[1] Pursuant to R.C. 5721.37(A), the tax certificate holder can initiate foreclosure no sooner than one year after the purchase of the tax certificates.  Property owners have the opportunity to redeem the tax certificate parcel and remove the lien by paying the certificate purchase price plus interest, fees and costs.  R.C. 5721.38.  Tax certificates are sold with a stated period of time on the face of the certificate in which a certificate holder may pursue foreclosure or the lien will be cancelled and the certificate voided by operation of law.  R.C. 5721.30(Q); 5721.37(E).  Pursuant to R.C. 5721.37(C)(2), a tax foreclosure complaint must be filed within 120 days after filing a notice of intent to foreclose.

and the Cuyahoga County Treasurer as defendants (Cuyahoga C.P. No. CV-12-792222) (the "first action"). On August 28, 2013, while the first action was pending, Lakeview purchased a third tax certificate, tax certificate no. S2013-4-7, which represented the tax delinquency for 2012 (the "third tax certificate"). Lakeview recorded its lien for the third tax certificate with the Cuyahoga County Recorder on September 4, 2013. The third tax certificate stated that it would be cancelled three years after the date of delivery, i.e., on August 28, 2016.

{¶ 4} On June 12, 2017, the trial court dismissed the first action without prejudice for failure to prosecute.

{¶ 5} On December 20, 2017, Lakeview transferred the three tax certificates to John A. Lord. The transfers were recorded on December 28, 2017. On January 15, 2018, the three tax certificates were transferred to Contemporary, Inc. ("Contemporary").[2] The transfers were recorded on January 24, 2018.

{¶ 6} On June 8, 2018, Lakeview refiled its foreclosure action in the Cuyahoga County Court of Common Pleas, purporting to avail itself of Ohio's savings statute, R.C. 2305.19 (the "refiled action"). In the refiled complaint, Lakeview asserted that it was the "owner and holder" of the tax certificates and was entitled to foreclose on the property to enforce its tax liens. Copies of the first two

---

[2] The company's name is spelled two different ways in various documents in the record, i.e., Contemporary, Inc. and Contempary, Inc. Here, we use the spelling Lakeview uses in its appellate brief — Contemporary, Inc.

Roger Blair executed the endorsements of tax certificate transfer from John A. Lord to Contemporary as "transferor." It is unclear from the record what authority Blair had to execute those documents as transferor.

tax certificates, the NOI with the certification by the county treasurer and a preliminary judicial report were attached to the complaint. The Cuyahoga County Treasurer filed an answer to the complaint and the matter was referred to a magistrate.

{¶ 7} On March 14, 2019, Contemporary filed a motion for substitution pursuant to Civ.R. 25(C), requesting that it be substituted for Lakeview as the plaintiff in the refiled action because "Lakeview sold its interest in the [t]ax [c]ertificates to Contemporary." Attached to the motion were copies of the three tax certificates that had been transferred by endorsement first to John A. Lord, then to Contemporary.

{¶ 8} The trial court struck the motion on the ground that Contemporary was not a party to the action. However, noting (1) that Contemporary was the holder of the tax certificates when the complaint was refiled, (2) that the tax certificates appeared on their face to be expired and cancelled by operation of law and (3) that the third tax certificate was not attached to the complaint and, therefore, "was not part of plaintiff's claim," the trial court granted Lakeview until May 10, 2019, to "establish a cause of action," i.e., to "establish that it is the party in interest" and "has standing to prosecute such action."

{¶ 9} On May 10, 2019, Lakeview filed a brief asserting that it was "a party of interest" and that it had "standing to bring this refiled case" based on (1) the application of Ohio's savings statute and (2) the terms of a recently executed assignment agreement between Lakeview and Contemporary (the "assignment").

**{¶ 10}** The assignment stated in relevant part:

LAKEVIEW HOLDING (OH), LLC ("Assignor"), an Ohio limited liability company, hereby confirms that, FOR TEN DOLLARS ($10.00), the receipt and sufficiency of which is acknowledged, Assignor has sold, transferred and assigned to CONTEMPORARY INC. ("Assignee"), an Ohio corporation, its successors and assigns all of the Assignor's right and interest to refile the case captioned *Lakeview Holding (OH), LLC v. Irene R. Farmer et al.*, Case No. CV-12-792222, dismissed without prejudice on June 12, 2017. Assignee shall be permitted to initiate the refiled action in the name of the Assignor but shall move the court to be substituted in the action.

**{¶ 11}** Lakeview executed the assignment on May 10, 2019, but it had an effective date of June 7, 2018 — one day before Lakeview refiled the complaint.

**{¶ 12}** A week later, on May 16, 2019, Lakeview filed a motion to substitute Contemporary as the plaintiff in the refiled action pursuant to Civ.R. 25(C) on the ground that Lakeview had "sold its interest in the [t]ax [c]ertificates to Contemporary."

**{¶ 13}** On May 23, 2019, the magistrate issued a decision denying Lakeview's motion to substitute Contemporary as the plaintiff and dismissing the refiled complaint. The magistrate held that the savings statute did not apply and that Lakeview lacked standing to file the refiled action. The court noted that (1) the third tax certificate "was not pled" in the first action and was, therefore, "void" when Lakeview filed the refiled action and (2) Lakeview no longer owned the first two tax certificates — the basis of its claims in the first action — or the third tax certificate when it filed the refiled action.

{¶ 14} Lakeview filed objections to the magistrate's decision. On July 15, 2019, the trial court overruled Lakeview's objections, adopted the magistrate's decision and dismissed the refiled complaint without prejudice, reasoning as follows:

Lakeview lacks standing to file an action for foreclosure of certificates S2010-2-197 and S2012-2 because the holder of those certificates when plaintiff filed this action is not the entity that filed the notice of intent to foreclose in September 2012 to commence foreclosure of the tax certificates. The claim for the foreclosure of certificate S2013-4-7 was not included in Lakeview's original action and, thus, that certificate was cancelled by operation of law at the time plaintiff filed this action (R.C. 5721.37(E)(1), three year certificate sold in August 2013). Standing is required to invoke the jurisdiction of the common pleas court and a common pleas court cannot substitute a real part[y] in interest for another party if no party with standing has invoiced its jurisdiction in the first instance. [*Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38]. The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint. *Id.*

The retroactive assignment of the tax certificates to plaintiff in its contractual attempt to realign government tax assessment is an attempt to thwart the plain language of a statute, a statute that because it is "in derogation of common law" must be strictly construed. It is not permissible.

{¶ 15} Lakeview appealed, raising the following two assignments of error for review:

First Assignment of Error: The trial court erred in sua sponte con[c]luding that appellant lacked standing to file the refiled foreclosure action.

Second Assignment of Error: The trial court erred in concluding that the assignment was an attempt to thwart the plain language of a statute.

{¶ 16} On February 24, 2020, this court, sua sponte, issued an order requiring Lakeview to show cause why its appeal should not be dismissed for lack of a final, appealable order. On March 5, 2020, Lakeview filed a response, arguing that the trial court's July 15, 2019 dismissal order was a final, appealable order because (1) the trial court had issued a journal entry on February 19, 2020 stating that "the journal entry of dismissal dated 7/15/2019 is a final order" and (2) the July 15, 2019 dismissal order "precluded [a]ppellant from refiling its case" and "disposed of" the case such that "there is nothing left for the determination of the trial court."

**Law and Analysis**

### Appellate Jurisdiction

{¶ 17} Before reviewing the merits of this appeal, we first must consider whether this appeal is properly before us. Our appellate jurisdiction is limited to reviewing judgments and orders that are final. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02 and 2505.03. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. This court has a duty to examine, sua sponte, potential deficiencies in jurisdiction. *See, e.g., Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C., v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9; *see also Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5 ("In

the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.").

{¶ 18} This case involves an appeal from an order dismissing the case "without prejudice" for lack of standing. In general, a trial court's dismissal of a matter without prejudice is not a final, appealable order. *See, e.g., Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8 ("Ordinarily, a dismissal 'otherwise than on the merits' does not prevent a party from refiling and, therefore, * * * such a dismissal is not a final, appealable order.").

{¶ 19} Indeed, this court has specifically held that the dismissal without prejudice of a foreclosure action is generally not a final, appealable order. *See, e.g., Lakeview Holding (OH), L.L.C., v. DeBerry*, 8th Dist. Cuyahoga No. 99033, 2013-Ohio-1457, ¶ 9-10; *see also Deutsche Bank Natl. Trust Co. v. Edington*, 4th Dist. Scioto No. 13CA3534, 2014-Ohio-1769, ¶ 13.

{¶ 20} Where, however, a dismissal precludes a party from refiling its case, "[i]n essence, a final judgment has been rendered * * * because the cause has been disposed of and there is nothing left for the determination of the trial court." *Natl. City* at ¶ 8. As this court explained in *Vaught v. Pollack*, 8th Dist. Cuyahoga No. 103819, 2016-Ohio-4963:

> "[G]enerally an involuntary dismissal without prejudice is not a final appealable order. * * * Courts hold as such because a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed; the action is treated as though it had never been commenced. * * * However, in some instances refiling is not an option

> because the statute of limitations has already run and the savings statute, R.C. 2305.19, had been previously invoked. In those instances, even a dismissal without prejudice may be a final appealable order."

*Id.* at ¶ 21, quoting *Selmon v. Crestview Nursing & Rehab. Ctr., Inc.*, 184 Ohio App.3d 317, 2009-Ohio-5078, 920 N.E.2d 1017, ¶ 2 (7th Dist.); *see also Wells Fargo Bank, Natl. Assn. v. Wick*, 8th Dist. Cuyahoga Nos. 99373 and 99840, 2013-Ohio-5422, ¶ 6 ("A dismissal without prejudice is generally not a final appealable order because the ruling does not prevent the party from refiling. However, a dismissal without prejudice is final and appealable where the appellant is precluded from refiling as a result of the dismissal.").

{¶ 21} In this case, the trial court entered an order expressly dismissing Lakeview's refiled complaint "without prejudice." However, because its complaint had been previously dismissed and then refiled under Ohio's savings statute after the time limit for filing a foreclosure action based on the tax certificates had passed, the trial court's dismissal without prejudice, in effect, functioned as a dismissal with prejudice, "bar[ring] [its] ability to ever re-file the case." *Whipple v. Estate of Prentiss,* 8th Dist. Cuyahoga No. 108659, 2020-Ohio-2825, ¶ 15, citing *Vaught* at ¶ 13 ("A party can use the savings statute to refile a case one time only."); *see also Duncan v. Stephens*, 8th Dist. Cuyahoga No. 83238, 2004-Ohio-2402, ¶ 21; *Gamble v. Patterson*, 155 Ohio App.3d 320, 2003-Ohio-6276, 801 N.E.2d 465, ¶ 19-21 (7th Dist.). Because Lakeview cannot refile, "[i]n essence, a final judgment has been rendered against [Lakeview] because the cause has been disposed of and there is nothing left for the determination of the trial court." *Natl. City*, 114 Ohio St.3d 82,

2007-Ohio-2942, 868 N.E.2d 663, at ¶ 8.  As such, we find that the trial court's August 14, 2019 dismissal order is a final, appealable order.

**Standing and the Savings Statute**

**{¶ 22}** Turning to the merits of Lakeview's appeal, Lakeview's assignments of error are interrelated.  Accordingly, we address them together.

**{¶ 23}** Lakeview argues that the trial court erred in sua sponte dismissing its refiled complaint for lack of standing because (1) Ohio's savings statute applies to tax certificate foreclosure cases and (2) the refiled action "was brought for the benefit of the [then] holder of the tax certificates, Contemporary," pursuant to the assignment.

**{¶ 24}** Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 21.  "'It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court.'" *CapitalSource Bank v. Hnatiuk*, 8th Dist. Cuyahoga No. 103210, 2016-Ohio-3450, ¶ 22, quoting *Davet v. Sheehan*, 8th Dist. Cuyahoga No. 101452, 2014-Ohio-5694, ¶ 22; *see also Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22 ("Standing is certainly a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court — even a court of competent subject-matter jurisdiction — over the party's attempted action."); *In re $75,000.00 United States*

*Currency (Katz),* 2017-Ohio-9158, 101 N.E.3d 1209, ¶ 45 (8th Dist.) ("'[T]he issue of standing is jurisdictional and may be raised by the court sua sponte.'"), quoting *State v. Langston*, 6th Dist. Lucas No. L-12-1014, 2012-Ohio-6249, ¶ 7. Standing is a question of law that we review de novo. *In re $75,000.00 United States Currency (Katz)* at ¶ 45, citing *State v. Jamison*, 2d Dist. Montgomery No. 23211, 2010-Ohio-965, ¶ 10.

{¶ 25} Whether a party has standing to bring an action is determined as of the time a complaint is filed. *Hnatiuk* at ¶ 22; *Schwartzwald* at ¶ 27-28, 42.

{¶ 26} Ohio's savings statute, R.C. 2905.19(A), states, in relevant part:

> In any action that is commenced or attempted to be commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. * * *

{¶ 27} The savings statute operates to "save" certain refiled actions that would otherwise be barred by the applicable statute of limitations where a plaintiff (1) originally commenced an action within the proper time limits, (2) failed other than upon the merits and (3) refiles within one year. A dismissal is "otherwise than upon the merits" when the court dismisses a case for failure to obtain service or for failure to prosecute. *CapitalSource Bank FBO Aeon Fin., L.L.C., v. Donshirs Dev. Corp.*, 8th Dist. Cuyahoga No. 99032, 2013-Ohio-1563, ¶ 17, citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 228, 680 N.E.2d 997 (1997).

{¶ 28} The savings statute applies only where the original action and the refiled action are "substantially the same." *Children's Hosp. v. Ohio Dept. of Public Welfare*, 69 Ohio St.2d 523, 525, 433 N.E.2d 187 (1982). Actions are not "substantially the same" when the relief sought in the new action is different from the relief sought in the original action or the parties in the original action and the refiled action are different. *Id.*

{¶ 29} In support of its argument that it had standing to bring the refiled action based on the savings statute, Lakeview cites this court's decision in *Donshirs*, 2013-Ohio-1563. In *Donshirs*, the plaintiff commenced an action to foreclose on a tax certificate of which it was the certificate holder in accordance with R.C. 5721.37 after filing a notice of intent to foreclose and receiving a certification from the Cuyahoga County Treasurer that the certificate parcel had not been redeemed. *Id.* at ¶ 3-4. The action was involuntarily dismissed without prejudice by the trial court for failure to perfect service and want of prosecution. *Id.* at ¶ 4. A year later, availing itself of the savings statute, the plaintiff refiled the foreclosure action. *Id.* at ¶ 5.

{¶ 30} The trial court dismissed the refiled complaint. *Id.* at ¶ 8. Applying an amended version of R.C. 5721.37(C)(2) that imposed a narrower time limit for filing a foreclosure than the version of the statute that existed at the time the plaintiff purchased the tax certificate, the trial court determined that the plaintiff had failed to timely file its complaint within 120 days of receiving the treasurer's certification of the NOI. *Id.* at ¶ 12-16. The trial court further held that the savings statute did not apply. *Id.* at ¶ 16. As such, the trial court concluded that the plaintiff's cause of

action arising from its statutory claim had not accrued and that the tax certificate foreclosure was not timely filed. *Id.* The trial court dismissed the action on the ground that the plaintiff had failed to file its refiled complaint within 120 days after the county treasurer provided certification that the certificate parcel had not been redeemed and that the savings statute did not apply. *Id.* at ¶ 7-8, 16.

{¶ 31} On appeal, this court reversed, concluding that the trial court had erred in applying the amended version of R.C. 5721.37(C)(2) and in not applying the savings statute to the refiled action. *Id.* at ¶ 17-25. The court stated that because the refiled cause of action "satisfie[d] the statutory requirements" of R.C. 2305.19(A) and because the original action "ha[d] been properly commenced in accordance with R.C. 5721.37," "meeting all procedural requirements," the plaintiff's refiled action "retain[ed] that status upon refiling" and it "would be improper to require [the plaintiff] to satisfy the same prerequisites a second time, upon refiling the same action." *Id.* at ¶ 21-24.

{¶ 32} This case, however, is clearly distinguishable from *Donshirs.* The refiled action in that case involved the same tax certificate as the original action and, at the time of the refiling, the plaintiff remained the certificate holder. In this case, by contrast, the refiled action involved a third tax certificate that was not part of the original action and the plaintiff was not the certificate holder of any of the tax certificates at the time it filed the refiled complaint. As such, *Donshirs* does not control the result here.

{¶ 33} The primary issue in this case is not the application of the savings statute but Lakeview's standing to bring the refiled action. Standing was not an issue in *Donshirs.*

{¶ 34} "'Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred.'" *Deutsche Bank Natl. Trust Co. v. Carter*, 12th Dist. Warren Nos. CA2014-01-001 and CA2014-01-010, 2014-Ohio-5193, ¶ 25, quoting *Internatl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. Ohio's savings statute does not remove the requirement that a party have standing at the time of refiling an action. As stated above, standing is determined at the time a complaint is filed. Whether Lakeview has standing to bring the refiled action, therefore, depends on its status at the time it filed the complaint in the refiled action, not its status at the time it filed its original action.

{¶ 35} In this case, the statutes relevant to Lakeview's standing to file the refiled action are R.C. 5721.36 and 5721.37, which set forth the judicial process for tax certificate foreclosures. After a notice of intent to foreclose is filed and a treasurer's certification that the certificate parcel has not been redeemed is received, R.C. 5721.37(C)(2) provides that a "private attorney shall commence a foreclosure proceeding in the name of the certificate holder" to enforce the lien vested in the certificate holder by the certificate. *See also* R.C. 5721.37(F). As a general matter, such foreclosure proceedings are "instituted and prosecuted in the same manner as is provided by law for the foreclosure of mortgages on land." *Id.* R.C. 5721.30(C)

defines "[c]ertificate holder" as "a person * * * that purchases or otherwise acquires a tax certificate under section 5721.32, 5721.33, or 5721.42 of the Revised Code, or a person to whom a tax certificate has been transferred pursuant to section 5721.36 of the Revised Code."

{¶ 36} R.C. 5721.36(A)(1) governs the transfer of tax certificates and provides, in relevant part:

> Except as otherwise provided in division (A)(2) of this section [which addresses the effect of a registered security interest in a tax certificate], the purchaser of a tax certificate sold as part of a block sale pursuant to section 5721.32 of the Revised Code may transfer the certificate to any person, and any other purchaser of a tax certificate pursuant to section 5721.32 or 5721.33 of the Revised Code may transfer the certificate to any person, except the owner of the certificate parcel or any corporation, partnership, or association in which such owner has an interest. The transferee of a tax certificate subsequently may transfer the certificate to any other person to whom the purchaser could have transferred the certificate. * * *

> [N]o request for foreclosure or notice of intent to foreclose, as the case may be, shall be filed by any person other than the person shown on the tax certificate register to be the certificate holder or a private attorney for that person properly authorized to act in that person's behalf.

{¶ 37} Although Lakeview was the certificate holder of the first two tax certificates at the time it obtained the NOI and filed the original action, there is no dispute it was not the certificate holder of any of the tax certificates at the time it filed the refiled action, having transferred its interest in the tax lien certificates to John A. Lord on December 20, 2017. Lord later transferred his interest in the tax certificates to Contemporary. Accordingly, Lakeview had no standing to bring the foreclosure action at the time it refiled its complaint.

{¶ 38} Nor, contrary to Lakeview's assertion, did Lakeview have standing to bring the refiled action by virtue of the assignment between Lakeview and Contemporary. Although Lakeview asserts that it had standing to file the refiled action "because the action was brought for the benefit of the holder of the tax certificates, Contemporary," Contemporary is not mentioned in the refiled complaint (aside from the description of its interest provided in the preliminary judicial report attached to the refiled complaint). In the refiled complaint, Lakeview asserts that it is the "owner and holder" of the tax certificates and attaches copies of the tax certificates to the refiled complaint without any of the subsequent endorsements transferring the tax certificates.

{¶ 39} Further, the assignment agreement did not authorize Lakeview (or its counsel) to institute foreclosure proceedings on Contemporary's behalf. Rather, the assignment purports to assign Lakeview's "right and interest to refile" the original action to Contemporary and provides that "[a]ssignee [Contemporary] shall be permitted to initiate the refiled action in the name of the [a]ssignor [Lakeview] but shall move the court to be substituted in the action." Lakeview cites no authority in support of the proposition that a party can assign a right to refile an action under Ohio's savings statute to another party or that it could file (or refile) an action it could not otherwise bring "for the benefit of" another utilizing the savings statute. Ohio law is clear that the savings statute applies only when the original action and the refiled action are "substantially the same," i.e., where the two actions involve the same parties and claims. *Children's Hosp.*, 69 Ohio St.2d at 525, 433 N.E.2d 187.

{¶ 40} As stated above, foreclosure proceedings on a tax certificate lien commence when the certificate holder's attorney files a foreclosure complaint in the name of the certificate holder to enforce the lien. Pursuant to R.C. 5721.37(C)(2) and (F), a foreclosure proceeding "shall" be commenced by a "private attorney" "in the name of the certificate holder" to enforce the certificate holder's lien. R.C. 5721.36 and 5721.37 do not authorize a prior certificate holder (or its attorney) to initiate foreclosure proceedings on behalf of or "for the benefit of" a current certificate holder. *See also Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, at ¶ 37-38 ("[A] plaintiff cannot rely on procedural rules similar to Civ.R. 17(A) to cure a lack of standing at the commencement of litigation. * * * [A] common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.").

{¶ 41} Standing is a jurisdictional requirement that must exist at the time suit is filed in order to invoke the jurisdiction of the trial court. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint." *Schwartzwald* at ¶ 40. Because Lakeview lacked standing at the time it filed the refiled action, the trial court did not err in dismissing its complaint.

{¶ 42} Lakeview's assignments of error are meritless and overruled.

{¶ 43} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common

Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR