[Cite as *Glavic v. Weltman Weinberg Reis Co.*, 2024-Ohio-6029.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JAMES M. GLAVIC,                         :

    Plaintiff-Appellant,          :

                                No. 113970

    v.                                        :

WELTMAN, WEINBERG & REIS CO.,
LPA, ET AL.,                             :

    Defendants-Appellees.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED; DISMISSED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-987876

---

### *Appearances:*

The Legal Aid Society of Cleveland, Matthew L. Alden, and
Barbara R. Barreno-Paschall, *for appellant*.

Gallagher Sharp LLP and Lori E. Brown, *for appellee*
Reimer Law Co.

Dinsmore & Shohl, LLP, H. Toby Schisler, and Kelli J.
Amador, *for appellee* Weltman, Weinberg, & Reis Co.,
L.P.A.

MARY J. BOYLE, J.:

{¶ 1}    Plaintiff-appellant, James M. Glavic ("Glavic"), appeals from the trial court's May 3, 2024 judgment entry granting the motions to dismiss filed by defendants-appellees, Weltman, Weinberg, & Reis Co., L.P.A. ("WWR") and Reimer Law Co. ("RLC") (collectively "appellees"), and dismissing the case "without prejudice." This order, however, was amended by the trial court on June 6, 2024, which was after Glavic filed his notice of appeal via a "nunc pro tunc" judgment entry dismissing the case "with prejudice."

{¶ 2}    For the reasons that follow, we vacate the two orders issued by the trial court on June 6, 2024, first granting RLC's Civ.R. 60(A) motion for a nunc pro tunc order and then dismissing the case with prejudice nunc pro tunc. With regard to Glavic's appeal from the trial court's May 3, 2024 order dismissing the case without prejudice, we dismiss for lack of jurisdiction.

## I. Facts and Procedural History

{¶ 3}    This appeal arises from a 2014 lawsuit that was originally filed by WWR, on behalf of its client, Ally Financial, Inc. ("Ally"), and against Glavic, in which Ally was awarded a $12,057.81 default judgment.[1] According to Glavic, he did not receive notice of the case nor the default judgment until 2023 when $4,796.60 was taken out of his bank account.

---

[1] The case started in Mentor Municipal Court and was transferred to Lake County Court of Common Pleas.

{¶ 4} In November 2023, Glavic brought a complaint against appellees in Cuyahoga County Common Pleas Court, alleging that they violated the Federal Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act.[2] Both appellees filed Civ.R. 12(B)(6) motions to dismiss on the grounds that the complaint failed to state a claim upon which relief could be granted. Glavic opposed both motions, and appellees filed their respective replies. On May 3, 2024, the trial court granted appellees' respective motions to dismiss, stating that "all of [Glavic's] claims against [appellees] are dismissed without prejudice as [Glavic] has failed to state a claim against defendants upon which relief can be granted." (Journal entry, May 3, 2024.)

{¶ 5} On May 9, 2024, RLC filed a motion, pursuant to Civ.R. 60(A), requesting that a nunc pro tunc order be issued entering the dismissal "with prejudice."[3] Glavic filed his notice of appeal of the May 3, 2024 journal entry on May 24, 2024. Then on June 6, 2024, the trial court granted RLC's motion and issued a nunc pro tunc order, which changed the basis of the dismissal to "with prejudice." This nunc pro tunc entry states, "[A]ll of [Glavic's] claims against [appellees] are dismissed with prejudice as [Glavic] has failed to state a claim against defendants upon which relief can be granted." (Journal entry, June 6, 2024.)

{¶ 6} Glavic now raises the following two assignments of error for review:

---

[2] RLC substituted into the case as counsel for Ally in 2021.

[3] WWR concurred with RLC's motion.

**Assignment of Error I:**  The trial court erred as a matter of law in entering the June 6, 2024 nunc pro tunc entry.

**Assignment of Error II:**  The trial court erred as a matter of law in granting motions to dismiss filed by [WWR] and [RLC.]

## II.  Law and Analysis

{¶ 7}  In his first assignment of error, Glavic, argues that the trial court erred in entering its June 6, 2024 nunc pro tunc order, converting its prior dismissal "without prejudice" into a dismissal "with prejudice" because a nunc pro tunc cannot be used to change, modify, or correct a judgment.  As a result, Glavic argues this court should vacate the trial court's June 6, 2024.  Glavic further argues that the May 3, 2024 journal entry is a final, appealable order because a dismissal for failure to state a claim is a final, appealable order even if the dismissal order is entered "without prejudice."

{¶ 8}  RLC responds that Glavic's first assignment of error is moot because this court has jurisdiction under either of Glavic's arguments.  WWR responds that Glavic's arguments are without merit because he recognizes that the trial court disposed of all of his claims on the merits and intended for the dismissal to be "with prejudice."

{¶ 9}  Based on our review of the record, we find that the trial court erred and was without jurisdiction when it granted the Civ.R. 60(A) motion and issued a nunc pro tunc order modifying its dismissal "without prejudice" to a dismissal "with prejudice" after Glavic had already filed a notice of appeal challenging the "without prejudice" dismissal issued on May 3, 2024.  In *State v. Riley*, 2024-Ohio-5712, the

Ohio Supreme recently addressed the jurisdiction of a trial court once a notice of appeal has been filed and stated, "'Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal.'" *Id.* at ¶ 24 (DeWine, J., Kennedy, C.J., and Deters, J., concurring in judgment only), quoting *In re S.J.*, 2005-Ohio-3215, ¶ 9. Here, the trial court's actions of granting the Civ.R. 60(A) motion and then changing the dismissal to "with prejudice" after the notice of appeal challenging the May 3, 2024 "without prejudice" dismissal had been filed did not qualify as in aid of the appeal, but rather "'modified the very substance of the judgment . . . under appeal' and were thus "'inconsistent with the jurisdiction of the appellate court' and [is] therefore void.""" *Id.*, quoting *State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 17, quoting *S.J.* at ¶ 9.

{¶ 10} Therefore, because the trial court's June 6, 2024 journal entries were void, we have no authority to consider them. *Id.* And because "a trial court's dismissal of a matter without prejudice is not a final, appealable order[,]" this court is without jurisdiction to review the May 3, 2024 journal entry. *Lakeview Holding (OH), L.L.C. v. Farmer*, 2020-Ohio-3891, ¶ 18 (8th Dist.), citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942.

{¶ 11} Glavic's first assignment of error is sustained in part and overruled in part. The trial court's June 6, 2024 journal entry granting RLC's Civ.R. 60(A) motion for a nunc pro tunc order and the June 6, 2024 journal entry dismissing the case with prejudice nunc pro tunc are vacated.

{¶ 12} Based on our resolution of the first assignment of error, we lack jurisdiction to consider the remaining assignment of error. We dismiss this appeal.

{¶ 13} Accordingly, the June 6, 2024 journal entries granting RLC's Civ.R. 60(A) motion for a nunc pro tunc order and dismissing the case with prejudice nunc pro tunc are vacated, and the appeal dismissed.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR