[Cite as *Grace v. Jack Thistledown Racino*, 2026-Ohio-941.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MYRON GRACE, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 115574 |
| JACK THISTLEDOWN RACINO, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 19, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-999335

*Appearances:*

Myron Grace, *pro se.*

Littler Mendelson, P.C., Ryan J. Morley and Shannon Henry, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Myron Grace ("Grace"), acting pro se, appeals the trial court's dismissal of his complaint pursuant to Civ.R. 12(B)(6). For the reasons that follow, we dismiss his appeal for lack of jurisdiction.

**Facts and Procedural History**

{¶ 2} In his pro se complaint, Grace alleged that, on June 20, 2024, he was at JACK Thistledown Racino ("JACK"), where free gifts were being given to JACK members and JACK refused to give the gift to Grace despite him being a JACK member. He then alleged that he spoke with two JACK employees about the situation who then called security and he was escorted off the premises.

{¶ 3} On June 21, 2024, Grace filed a complaint against JACK that was captioned "Intentional infliction of harm, false allegations, threat of force, defamation per se, emotional distress, and false reporting." Although unclear from his complaint, it appears Grace alleged JACK violated various criminal statutes and committed defamation and intentional infliction of emotional distress. Grace also alleged in his complaint that the actions of JACK employees were racially motivated.

{¶ 4} On August 21, 2024, JACK filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 5} On August 28, 2025 the trial court granted JACK's motion to dismiss, without prejudice, finding Grace's complaint failed to state a claim upon which relief could be granted. Grace appeals.

{¶ 6} Grace's appellate brief is confusing and difficult to decipher, alleging various claims regarding discrimination, civil liability for criminal acts, violations of the Ohio Consumer Sales Protection Act, etc. However, under his "Statement of Errors" he alleges "[t]his dismissal was in fact error," so we will assume his

assignment of error to be that the trial court erred in granting JACK's Civ.R. 12(B)(6) motion to dismiss and dismissing Grace's complaint without prejudice.

**Law and Analysis**

{¶ 7} This court only has jurisdiction to review final and appealable orders. Ohio Const., art. IV, § 3(B)(2); R.C. 2505.03.

{¶ 8} The determination as to whether a dismissal is with or without prejudice rests within the discretion of the trial court. *Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 16 (8th Dist.), citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997).

{¶ 9} "Ordinarily a dismissal of a complaint 'without prejudice' is not a final, appealable order because it is not an adjudication on the merits and does not prevent the party from refiling." *Martin v. Ohio Univ.*, 2023-Ohio-2511, ¶ 20 (4th Dist.), citing *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2; *see also Glavic v. Weltman*, 2024-Ohio-6029, ¶ 10 (8th Dist.) ("a trial court's dismissal of a matter without prejudice is not a final, appealable order") quoting *Lakeview Holding (OH), L.L.C. v. Farmer*, 2020-Ohio-3891, ¶ 18, (8th Dist.), citing *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 2007-Ohio-2942.

{¶ 10} However, in some cases, the dismissal of a complaint, even when dismissed "without prejudice," can be considered an adjudication on the merits and thereby a final appealable order "'if the plaintiff cannot plead the claims any differently to state a claim for relief.'" *Bland v. Toyota Motor Sales U.S.A., Inc.*, 2018-Ohio-1728, ¶ 7 (2d Dist.), quoting *Hulsmeyer v. Hospice of Sw. Ohio, Inc.*,

2013-Ohio-4147, ¶ 11 (1st Dist.); accord *Randall v. JM Smucker Co.*, 2024-Ohio-4725, ¶ 18 (6th Dist.).

{¶ 11} Upon review of Grace's complaint, we find the dismissal of his complaint without prejudice to not be a final appealable order. While Grace's claims are very inartfully crafted, they could be pled differently to state claims for relief in order to survive a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. As such, because we find this is not a final appealable order, this court is without jurisdiction to review the trial court's journal entry. *Glavic* at ¶ 10.

{¶ 12} Because we lack jurisdiction to consider this assignment of error, we dismiss this appeal.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
DEENA R. CALABRESE, J., CONCUR