DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas finding appellant subject to a mandatory arbitration clause in a construction contract dispute. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Matrix Inc., sets forth the following single assignment of error:
 {¶ 3} "1. The Common Pleas Court erred to the prejudice of Appellant by issuing declaratory judgment that Appellant was required to submit to arbitration demanded by *Page 2 
Appellee, when Appellant had no contract requiring arbitration with Appellee and has not agreed to any such arbitration."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. Appellee, Kuss Corp., owned a manufacturing warehouse facility that was under construction in 2000. Rudolph-Libbe Inc. ("RLI") served as the general contractor for this construction project. RLI engaged various subcontractors, including appellant, Matrix Inc. ("Matrix")
 {¶ 5} The role of Matrix in this project was to perform the requisite architectural and engineering design services connected to the construction project. Industrial Power Systems Inc. ("IPS"), another subcontractor, was responsible to perform the electrical and mechanical system installations in accordance with the specifications prepared by Matrix.
 {¶ 6} During the course of construction, it was discovered that the electrical system, installed by IPS in conformity with the Matrix specifications, was not adequate to operate Kuss's equipment. This required additional work to be performed by IPS and additional cost to be incurred by Kuss to remedy the defective electrical system.
 {¶ 7} In 2001, IPS sued Kuss to recover the added expenses it sustained in correcting the inadequate electrical system. The matter went to arbitration and Kuss was ordered to pay IPS. Subsequently, Kuss submitted a demand for arbitration against Matrix to recover the monies it was ordered to reimburse Kuss. In turn, Matrix, filed a complaint for declaratory judgment seeking a determination that it was not required to submit to arbitration with Kuss. Given this scenario, this case is essentially an indemnification dispute arising from a collection matter. *Page 3 
 {¶ 8} On August 21, 2007, the trial court issued a judgment denying Matrix's application for injunctive relief and further finding Matrix subject to mandatory arbitration with Kuss. This appeal stems from the latter portion of the judgment.
 {¶ 9} In its single assignment of error, Matrix asserts that the trial court erred in issuing a declaratory judgment finding it subject to the mandatory arbitration clause in the general contract. In support, Matrix alleges that it was not bound by any mandatory contractual arbitration clause under any contract.
 {¶ 10} The precise language of the contracts entered into by the parties will be determinative of this dispute. Thus, the emphasis of our review will focus upon the specific terms and provisions incorporated into the contracts governing this construction project.
 {¶ 11} An appellate court applies the de novo standard of review when it reviews a trial court's contract interpretation. Grabnic v.Doskocil, 11th Dist. No. 02-P-0116, 2005-Ohio-2887. De novo review requires us to conduct an independent review of the record without deference to the trial court's decision. Brown v. Cty. Commrs. of SciotoCty. (1993), 87 Ohio App.3d 704, 711.
 {¶ 12} Article 3.1 of the subcontract executed between RIL and Matrix establishes, "A/E, agrees that all terms and conditions of the Rudolph/Libbe Master Terms and Conditions of Architectural/Engineering Services Agreements (Rev. date 2/1/99) (consisting of Articles 1 through 13; 15 pages) are incorporated herein by reference as if fully rewritten herein and are applicable to this Project. A copy of the Master Terms and Conditions have previously been provided to A/E." *Page 4 
 {¶ 13} Significantly, Article 8.1 of the incorporated Master Terms and Conditions expressly stated, "unless a different form of dispute resolution is required under the Prime Contract, any dispute or claim arising out of or related to the agreement or the breach thereof shall be settled by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof" The unambiguous terms and conditions of the contracts by which Matrix was bound connected to this project clearly established that Matrix is subject to the mandatory arbitration clause set forth in Article 8.1.
 {¶ 14} In conjunction with the above, Article 1.1.2 of the Master Terms and Conditions incorporated into the subcontract with Matrix stated, "In addition to its other obligations under the Agreement, A/E shall cooperate with Contractor and shall be bound to perform its services hereunder in the same manner and to the same extent the Contractor is bound by the Prime Contract between Owner and Contractor to perform such services for Owner."
 {¶ 15} In an analogous Third District Court of Appeals construction contract dispute, the court determined that the subcontract language substantively analogous to the above triggered the mandatory arbitration clause contained in the original contract between the general contractor and owner. The subcontract language, read, "The Subcontractor agrees to be bound to and assume toward the Contractor all of the *Page 5 
obligations and responsibilities that the Contractor by those documents, assumes towards the Owner." Gibbons-Grable Co. v. Gilbane Bldg. Co.
(1986), 34 Ohio App.3d 170.
 {¶ 16} Based upon the express incorporation of a mandatory arbitration clause into the Matrix subcontract, as evidenced by reading Articles 3.1 and 8.1 in conjunction with each other, as well as the persuasive rationale established in Gibbon, we find that the record of evidence clearly establishes that Matrix is bound to submit to mandatory arbitration. We find appellant's assignment of error is not well-taken.
 {¶ 17} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1