[Cite as *State ex rel. Osborne v. N. Canton*, 2019-Ohio-1744.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO ex rel.
CHARLES OSBORNE

    Relator-Appellant

-vs-

CITY OF NORTH CANTON

    Respondent-Appellee

JUDGES:
Hon. William B. Hoffman, P.J
Hon. Patricia A. Delaney, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2018CA00132

O P I N IO N

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2018CV00837

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 6, 2019

APPEARANCES:

For Relator-Appellant

WARNER MENDENHALL
BRIAN UNGER
Law Offices of Warner Mendenhall, Inc.
190 North Union Street, Suite 201
Akron, Ohio 44304

For Respondent-Appellee

GREGORY A. BECK
TONYA J. ROGERS
Baker, Dublikar, Beck, Wiley & Matthews
400 South Main Street
North Canton, Ohio 44720

*Hoffman, P.J.*

**{¶1}** Relator-appellant Charles Osborne appeals the August 1, 2018 Judgment Entry entered by the Stark County Court of Common Pleas, which granted respondent-appellee City of North Canton's motion for judgment on the pleadings.

STATEMENT OF THE CASE AND FACTS

**{¶2}** The city of North Canton ("the City") is a chartered municipal corporation organized and operating pursuant to the laws of the state of Ohio and the Charter of the Municipality of North Canton ("the Charter").

**{¶3}** On February 28, 2011, the North Canton City Council ("City Council") enacted Ordinance 20-11, which amended Chapter 937 of its Codified Ordinances, to provide for the creation of a Board to govern water rates and water charges within the City. The Board created is commonly referred to as "the Water Board."

**{¶4}** On October 23, 2017, City Council enacted Ordinance 88-2017, which replaced Codified Ordinance 935.08, to increase public access to water and sanitary sewer services for non-residents. Ordinance 88-2017 permits the Water Board and the chair of the Water, Sewer and Rubbish Committee to negotiate water and sanitary service agreements for locations outside the City.

**{¶5}** Appellant is a North Canton property owner and taxpayer. On February 27, 2018, Attorney Warner Mendenhall, on behalf of Appellant, sent a letter to Timothy Fox, the North Canton Law Director, asserting Ordinance 88-2017 violated R.C. 743.03, and demanding the Water Board cease operations immediately. The Law Director responded to Attorney Mendenhall via email on March 19, 2018. Therein, the Law Director advised Attorney Mendenhall the Charter grants City Council the authority to create boards. The Law Director asserted Ordinance 88-2017 did not violate the Ohio Revised Code and the

Water Board was operating lawfully.

{¶6} On April 24, 2018, Appellant filed a complaint for declaratory judgment and injunctive relief. Specifically, Appellant sought a declaration Ordinances 20-11 and 88-2017 (collectively, "the Ordinances") violated the Ohio Revised Code and, additionally or alternatively, the Ordinances violated the Charter and Code; a declaration the continued operation of the Water Board was illegal; and an injunction to enjoin the continued operation of the Water Board. The City filed an answer on May 23, 2018. The trial court issued a scheduling order on May 30, 2018.

{¶7} On June 13, 2018, the City filed a motion for judgment on the pleadings. Appellant filed a response on July 2, 2018. The City filed a reply in support of its motion on July 12, 2018. Via Judgment Entry Granting Judgment on the Pleadings filed August 1, 2018, the trial court granted judgment in favor of the City.

{¶8} It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DECIDING A CRITICAL DISPUTED FACTUAL ISSUE IN FAVOR OF THE NONMOVING [SIC] PARTY.

II. THE TRIAL COURT ERRED IN FINDING LANGUAGE USED IN R.C. 743.03(A) INOPERATIVE OR SUPERFLUOUS.

III. THE TRIAL COURT ERRED IN FINDING THE WATER BOARD WAS ESTABLISHED BY ORDINANCE AND AUTHORIZED BY CHARTER.

*Standard of Review*

**{¶9}** Civ. R. 12(C) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ. R. 12(B)(6) motion. As the reviewing court, our review of a dismissal of a complaint based upon a judgment on the pleadings requires us to independently review the complaint and determine if the dismissal was appropriate. *Rich v. Erie County Department of Human Resources*, 106 Ohio App.3d 88, 91, 665 N.E.2d 278 (1995). A reviewing court need not defer to the trial court's decision in such cases. *Id.*

**{¶10}** A motion for a judgment on the pleadings, pursuant to Civ. R. 12(C), presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165–166, 297 N.E.2d 113 (1973). The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*, 1 Ohio App.2d 133, 135, 204 N.E.2d 100 (1964). In considering such a motion, one must look only to the face of the complaint. *Nelson v. Pleasant*, 73 Ohio App.3d 479, 597 N.E.2d 1137 (1991).

II

**{¶11}** For ease of discussion, we shall address Appellant's second assignment of error first. In his second assignment of error, Appellant argues the trial court erred in finding language used in R.C. 743.04(A) to be inoperative or superfluous.

**{¶12}** R.C. 743.04(A) provides:

(A) For the purpose of paying the expenses of conducting and managing the waterworks of a municipal corporation, including operating expenses and the costs of permanent improvements, the director of public service or **any other city official or body authorized by charter may assess and collect a water rent or charge of sufficient amount** and in such manner as the director, other official, or body determines to be most equitable from all tenements and premises supplied with water. (Italic and bold emphasis added).

**{¶13}** In its August 1, 2018 Judgment Entry Granting Judgment on the Pleadings, the trial court found:

By its use of the word "may", the statute clearly provides *permission* for "the director of public service or any other city official or body authorized by charter" to assess water rents in such a manner as such person or body determines to be most equitable. This statute contains absolutely no prohibitive or proscriptive language, nor does it state that the permission granted therein is exclusive to those named or constitutes the *only* means by which a municipality may assess and collect water rents. *Id.* at 3.

**{¶14}** Appellant maintains the trial court, by so finding, ruled the "authorized by

charter" language in R.C. 743.04(A) is superfluous. Appellant suggests if the "authorized by charter" language is to have any effect on the statute, then it must function to mandate a city official (other than the director of public service) or body draw its regulatory authority expressly from the city's charter." Brief of Appellant at 6. In other words, a city official or body's authority "to assess and collect water rents" must be "authorized by charter."

{¶15} We agree with the trial court and find the phrase "authorized by charter" modifies the noun "body". If the legislature intended the reading suggested by Appellant, the phrase "authorized by charter" would either follow the "may assess and collect a water rent or charge of sufficient amount" language and read "may assess and collect a water rent or charge. . . *as* authorized by charter", or read "authorized by charter *to* assess and collect". The legislature did not write the statute in either manner. "It is the duty of the court to give effect to the words used and not to insert words not used." *Trustees of Police & Firemen's Disability & Pension Fund*, 69 Ohio St.3d 409, 412 (1994). (Citation omitted). Accordingly, we find the trial court's finding did not render the language used in R.C. 743.04(A) inoperative or superfluous.

{¶16} Appellant's second assignment of error is overruled.

I, III

{¶17} Because Appellant's first and third assignments of error are interrelated, we shall address them together. In his first assignment of error, Appellant asserts the trial court erred as a matter of law in deciding a material disputed factual issue in favor of the movant. Specifically, Appellant contends the question of whether Ordinance 20-11 created the Water Board is a factual issue and the trial court's determination of such in favor of the City constitutes reversible error. In his third assignment of error, Appellant

submits the trial court erred in finding the Water Board was established by ordinance and authorized by the Charter.

**{¶18}** Section 3.03 of the Charter reads:

> ***The Council shall by ordinance provide for*** a Finance Department, a Law Department, a Department of Service, a Department of Safety, a Civil Service Commission, a Planning Commission, a Zoning and Building Standards Board of Appeals, and ***such other departments, divisions, boards, commissions, officers and employees as it may deem necessary***, and determine the organization and duties of each officer and employee, except as otherwise provided by this Charter. (Italic and bold emphasis added).

**{¶19}** Pursuant thereto, City Council enacted Ordinance 20-11. Section 937.03(d) of Ordinance 20-11 specifically provides:

> In the event of any dispute as to charges or any dispute as failure to comply with rules and regulations concerning the use of the City's waterworks system shall upon written request by the party aggrieved be referred to a Board consisting of the Director of Law, Director of Finance and Director of Administration for review. Said Board shall hear said dispute within thirty days receipt of said notice and shall make a written decision to the party aggrieved within a reasonable time thereafter.

{¶20} Interpretation of a statute or ordinance is a matter of law, and thus, the proper standard of review is de novo. *State v. Straley,* 139 Ohio St.3d 339, 2014–Ohio–2139, ¶ 9. The paramount concern is determining legislative intent in enacting the statute. *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004–Ohio–4960, ¶ 21. To discern this intent by looking at the language used in the statute itself, we must read words and phrases in context and construe them in accordance with rules of grammar and common usage. *State ex rel. Choices for S.W. City Schools v. Anthony,* 108 Ohio St.3d 1, 2005–Ohio–5362, ¶ 40. "[I]f such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged." *State ex rel. McGraw v. Gorman,* 17 Ohio St.3d 147, 149 (1985). In other words, if the meaning is unambiguous and definite, then the statute is to be applied as written and needs no further interpretation. *State ex rel. Herman v. Klopfleisch,* 72 Ohio St.3d 581, 584 (1995).

{¶21} The plain language of Section 937.03(d) of Ordinance 20-11 creates a "Board consisting of the Director of Law, Director of Finance and Director of Administration" to hear "any dispute as to charges or any dispute as failure to comply with rules and regulations concerning the use of the City's waterworks system".  Like the trial court, we find Ordinance 20-11 did, in fact, create the Water Board, and the creation of said Board was authorized by the Charter. The Charter allows for the creation of boards deemed necessary.  The fact the Board was not expressly labeled "the Water Board" in Ordinance 20-11 does not alter its nature or purpose.

{¶22} As discussed in our analysis of Appellant's second assignment of error, supra, the Water Board is a "body authorized by charter" as used in R.C. 743.04(A); therefore, "may assess and collect a water rent or charge of sufficient amount". Further,

under the Charter, City Council could add to the Water Board's authority as it did by enacting and implementing Ordinance 88-2017. Ordinance 88-2017 cloaks the Water Board and the chair of the Water, Sewer and Rubbish Committee with the authority to evaluate and negotiate applications for water or sewer service for locations outside City boundaries.

**{¶23}** Alternatively, the trial court held the creation of the Water Board fell within the City's authority under the Home Rule Amendment of the Ohio Constitution. We agree. Appellant has not challenged the trial court's decision on this alternative, independent ground.

**{¶24}** "By reason of Sections 3 and 7 of Article XVIII of the Ohio Constitution, a charter city has all powers of local self-government except to the extent that those powers are taken from it or limited by other provisions of the Constitution or by statutory limitations on the powers of the municipality which the Constitution has authorized the General Assembly to impose." *State ex rel. Commt. for Charter Amendment, City Trash Collection v. Westlake,* 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶31 (Citations omitted). Thus, the City's power to enact legislation is conferred by the City Charter, not the Ohio Revised Code. *State ex rel. Phillips Supply Co. v. Cincinnati*, 2012-Ohio-6096, 985 N.E.2d 257, ¶ 53 (1st Dist.).

**{¶25}** We use a three-part test to evaluate claims a municipality has exceeded its powers under the Home Rule Amendment. "A state statute takes precedence over a local ordinance when (1) the ordinance is in conflict with the statute, (2) the ordinance is an exercise of the police power, rather than of local self-government, and (3) the statute is a general law." *Mendenhall v. City of Akron,* 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d

255, ¶17.

**{¶26}** Applying the factors set forth in the three-part test, we conclude the City has not exceeded its power in enacting the Ordinances. Assuming, arguendo, the Ordinances are an exercise of police power, we find the first and third factors are not satisfied. As discussed, supra, the Ordinances are not in conflict with R.C. 743.04(A). In addition, R.C. 743.03(A) is not a general law.

**{¶27}** To constitute a general law for purposes of Home Rule analysis, "a statute must (1) be part of a statewide and comprehensive legislative enactment, (2) apply to all parts of the state alike and operate uniformly throughout the state, (3) set forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and (4) prescribe a rule of conduct upon citizens generally." *Canton v. State,* 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, syllabus.

**{¶28}** We find R.C. 743.04 does not satisfy the aforementioned factors; therefore, is not a general law. As set forth, supra, R.C. 743.04 vests "the director of public service or any other city official or body authorized by charter" with the power to assess and collect water rent "[f]or the purpose of paying the expenses of conducting and managing the waterworks of a municipal corporation." R.C. 743.04, on its face, is not part of a statewide and comprehensive legislative enactment. Next, the statute is not applied to all parts of the state alike and does not operate uniformly throughout the state. R.C. 743.04 does not require every municipality within the state to assess and collect these rents in the same way, but rather the director, other official, or board may assess and collect water rents "in such manner. . . determine[d] to be most equitable." Further, the

statute does not set forth police, sanitary, or similar regulations.  Lastly, R.C. 743.04 does not prescribe a rule of conduct upon citizens generally.

{¶29}  Based upon the foregoing, we find the creation of the Water Board did not exceed the City's authority under the Home Rule Amendment.

{¶30}  Based upon the foregoing, we find the trial court did not err in granting judgment on the pleadings in favor of the City.

{¶31}  Appellant's first and third assignments of error are overruled.

{¶32}  The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Wise, Earle, J. concur