[Cite as *Real Estate Tax Investors Retirement Equity, L.L.C. v. Butler*, 2025-Ohio-545.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

REAL ESTATE TAX INVESTORS
RETIREMENT EQUITY, LLC,                    :

      Plaintiff-Appellant,                    :

                                  No. 113824

      v.                    :

RODERICK BUTLER, ET AL.,                    :

      Defendants-Appellees.                    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 20, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971192

***Appearances:***

David N. Patterson, *for appellant*.

ANITA LASTER MAYS, J.:

{¶1} Plaintiff-appellant Real Estate Tax Investors Retirement Equity, LLC ("RETIRE") appeals the trial court's decision dismissing its refiled action. We affirm the trial court's decision.

## I.    Facts and Procedural History

{¶2} On December 31, 2015, Woods Cove III, LLC ("Woods Cove") filed a complaint in the trial court after originally purchasing a tax certificate on September 26, 2014, from the Cuyahoga County Treasurer ("the treasurer") for defendant-appellee Roderick Butler's ("Butler") property.  On December 1, 2015, Woods Cove filed its notice of intent to foreclose ("NOI") with the treasurer and requested in its complaint that the tax lien be foreclosed.  On October 6, 2016, Woods Cove filed a notice of filing bankruptcy and suggestion of stay, notifying the court that Butler filed Chapter 13 bankruptcy.  On October 25, 2016, the trial court withdrew the order to foreclose on Butler's property and granted a stay.  On March 5, 2018, Woods Cove transferred ownership of the tax certificate to REI Holdings, and REI Holdings transferred ownership to RETIRE on May 4, 2018.

{¶3} On November 3, 2021, the treasurer filed a motion to vacate the bankruptcy stay that was granted on October 25, 2016.  In the treasurer's motion, it requested relief from judgment for the following: Woods Cove failed to timely prosecute its complaint in foreclosure and such lapse in prosecution constitutes an unreasonable delay; the doctrine of laches prevents Woods Cove from continuing its prosecution in this matter; the treasurer has a meritorious claim for the collection of delinquent real property taxes or foreclosure thereupon; the treasurer has been materially prejudiced by this unreasonable delay as relief from judgment is necessary for the complaint to be filed; and the treasurer may proceed with a

foreclosure action to collect taxes or obtain judgment and offer the property for sale to return the property to tax-paying status.

{¶4} On November 15, 2021, the trial court granted the treasurer's motion, stating in its journal entry: "Motion of the treasurer to vacate judgment and to dismiss case for want of prosecution is granted. The judgment and the decree of foreclosure are hereby vacated. Case dismissed without prejudice." Journal Entry No. 119522613 (Nov. 15, 2021).

{¶5} On November 9, 2022, in accordance with Ohio's savings statute, R.C. 2305.19, RETIRE filed an action, asserting that it is now the holder and owner of the tax certificate. RETIRE, in its complaint, demanded, in part, the following: that the tax certificate be found to be a valid lien on the parcel and that such lien be foreclosed upon. On December 5, 2022, the treasurer filed its answer with the court. On July 11, 2023, the magistrate issued an order stating:

> A review of the docket shows no activity since April 25, 2023. Plaintiff is ordered to perfect service on all parties and file documents necessary to obtain judgment on or before September 1, 2023. Failure to do so will result in the dismissal of plaintiff's claims without prejudice for failure to prosecute.

Magistrate's Order No. 151916868 (July 11, 2023).

{¶6} On September 7, 2023, RETIRE filed a motion for extension of time, and on September 11, 2023, the magistrate granted the motion, stating:

> Plaintiff's motion for extension of time is granted. Plaintiff must file dispositive motions, and all documents necessary to obtain judgment, on or before October 10, 2023. Failure to do so will result in the dismissal of this matter without prejudice for failure to prosecute and/or failure to comply with a court order.

Magistrate's Order No. 158287920 (Sept. 11, 2023).

**{¶7}** On October 10, 2023, RETIRE filed a motion for default judgment against Butler, which the trial court held in abeyance. On January 26, 2024, the hearing on RETIRE's motion was set for February 13, 2024. On February 13, 2024, the magistrate issued an order stating:

> Default hearing held. Attorney Patterson appeared on behalf of the plaintiff. Defendants did not participate. Plaintiff has 30 days from the date of this order to file a non-military affidavit with the correct defendant's name and military status or lack thereof, a brief demonstrating that the tax certificate upon with this case is filed is valid (as 5721.32 and the tax certificate purchase agreement provide for a six year statute of limitations), and a brief demonstrating the notice of intent to foreclose is valid (the NOI attached to plaintiff's complaint was executed on 12/01/2015, and a foreclosure thereon must be filed within 120 days). Failure to timely and completely comply will result in dismissal of the case.

Magistrate's Order No. 174376156 (Feb. 13, 2024).

**{¶8}** On March 6, 2024, RETIRE filed a brief in order to comply with the magistrate's February order. On March 20, 2024, the trial court issued an order stating:

> After review of plaintiff's brief filed on 03/06/2024, the court finds the brief does not address all of the issues in the court order dated 02/13/2024. Specifically, plaintiff did not file a corrected non-military affidavit, and more importantly, did not demonstrate that the tax certificate at issue herein (filed of record on 10/11/2014) comports with the six year statute of limitations for filling of tax certificate cases. As the instant case was filed on 11/09/2022, the 10/11/2014 tax certificate is more than two years beyond the applicable statute of limitations (See 5721.32). Even assuming the application of the savings statute to this refiled case, the tax certificate is still outside of the statute of limitations. As a result, and in accordance with the 02/13/2024 court order, the instant case is hereby dismissed.

Journal Entry No. 178246574 (Mar. 20, 2024).

**{¶9}** RETIRE filed this appeal assigning one error for our review:

The trial court erred in failing to apply Ohio's savings statute, R.C. 2305.19.

## II. Standard of Review

**{¶10}** "'Interpretation of a statute or ordinance is a matter of law, and thus, the proper standard of review is de novo.'" *Lind Media Co. v. Marion Twp. Bd. of Zoning Appeals*, 2022-Ohio-1361, ¶ 23 (3d Dist.), quoting *State ex rel. Osborne v. N. Canton*, 2019-Ohio-1744, ¶ 20 (5th Dist.), citing *State v. Straley*, 2014-Ohio-2139, ¶ 9.

**{¶11}** "'De novo review requires us to conduct an independent review of the record without deference to the trial court's decision.'" *Id.*, quoting *Matrix Technologies, Inc. v. Kuss Corp.*, 2008-Ohio-1301, ¶ 11 (6th Dist.), citing *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist. 1993).

## III. Law and Analysis

**{¶12}** In RETIRE's sole assignment of error, they argue that the trial court erred when it dismissed their case and failed to apply R.C. 2305.19, which provides in part:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations,

whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

**{¶13}** The savings statute operates to save refiled actions that would otherwise be barred by the applicable statute of limitations where a plaintiff (1) originally commenced an action within the proper time limits, (2) failed other than upon the merits, and (3) refiles within one year. *Lakeview Holding (OH), L.L.C. v. Farmer*, 2020-Ohio-3891, ¶ 27 (8th Dist.). "A dismissal is 'otherwise than upon the merits' when the court dismisses a case for failure to obtain service or for failure to prosecute." *Id.*, citing *CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, 2013-Ohio-1563, ¶ 17 (8th Dist.), citing *Thomas v. Freeman*, 1997-Ohio-395 (1997).

**{¶14}** "The savings statute applies only where the original action and the refiled action are 'substantially the same.'" *Id.* at ¶ 28, citing *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525 (1982). "Actions are not 'substantially the same' when the relief sought in the new action is different from the relief sought in the original action or the parties in the original action and the refiled action are different." *Id.*, citing *id*.

**{¶15}** RETIRE argues that R.C. 2305.19, the savings statute, applies to their claims. RETIRE contends that when it filed its foreclosure action on November 9, 2022, it was in accordance with the savings statute because Woods Cove's, the prior holder in interest, foreclosure action was involuntarily dismissed by the trial court on November 15, 2021. The savings statute does not apply to RETIRE's

claims because RETIRE did not originally commence their action within the proper time limits. Their tax certificate was no longer valid, and thus, void.

{¶16} Pursuant to R.C. 5721.32(A), a tax certificate has an interest period of six years. The magistrate ordered RETIRE to file a brief demonstrating that the tax certificate is valid and comports with the six-year statute of limitations and a brief demonstrating that the NOI to foreclose is valid, because the NOI attached to RETIRE's complaint was executed on December 1, 2015. The deadline to foreclose is six years from the date the tax certificate is sold. After six years, a R.C. 5721.32 tax certificate and its certificate lien are automatically cancelled as provided in R.C. 5721.37(E)(1)(a), making the tax certificate void.

{¶17} The tax certificate has a validation period of six years from the time it is purchased from the treasurer. The tax certificate was purchased from the treasurer on October 11, 2014. The statute of limitations to foreclose on the property ended on October 11, 2020.

{¶18} Additionally, pursuant to R.C. 5721.32(C)(2), RETIRE was required to demonstrate to the trial court that its NOI to foreclose was valid. After receipt of the treasurer's certification and no later than 120 days after the filing of the intent to foreclose, RETIRE was required to commence the foreclosure proceeding. *See* R.C. 5721.32(C)(2).

{¶19} RETIRE received ownership of the tax certificate on May 4, 2018, and filed its foreclosure action on November 9, 2022. In accordance with R.C. 5721.32, RETIRE must first file its NOI with the treasurer before filing a foreclosure

proceeding with the trial court.  RETIRE attached an NOI that was executed on December 1, 2015, to their March 6, 2024 brief.  RETIRE's reliance on the NOI voids their claim.  Pursuant to R.C. 5721.32(C)(2), RETIRE had 120 days from December 1, 2015, to commence the foreclosure proceeding.  Instead, they waited over eight years.

**{¶20}** "'Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred.'" *Farmer*, 2020-Ohio-3891, ¶ 34 (8th Dist.), citing *Deutsche Bank Natl. Trust Co. v. Carter*, 2014-Ohio-5193, ¶ 25 (12th Dist.), quoting *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 2002-Ohio-2488, ¶ 7.  Ohio's savings statute does not remove the requirement that a party is subject to the statute of limitations of foreclosure proceedings.  The trial court informed RETIRE in three separate orders that failure to follow the court's order would result in the dismissal of its case.

**{¶21}** Therefore, RETIRE's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
DEENA R. CALABRESE, J., CONCUR